# J. A. MAGUIRE v. FRANK GOMES AND JOSE HENRIQUES.

APPEAL FROM DISTRICT MAGISTRATE, NORTH KONA, HAWAII.

SUBMITTED MAY 7, 1906.          DECIDED MAY 17, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

FIXTURES—*water tanks connected with roof gutters from house.*

> Water tanks resting on posts and connected with gutters upon the roof of a house by spouts or pipes nailed to them are not removable by a tenant under a lease for a stated term after the expiration of the term, the premises meanwhile having been leased to the defendants, the plaintiff's lease containing a covenant to yield up the premises at the end of the term with all erections, buildings and improvements placed upon the same.

### OPINION OF THE COURT BY HARTWELL, J.

Plaintiff's action was to recover $125, the value of two water tanks alleged to have been converted by the defendants to their own use under the following circumstances:

In 1893 the plaintiff put the tanks, then worth about $125, on land which he thought was his own but which was government land included in a lease of 5400 acres which he obtained July 24, 1894, for a term of ten years, afterwards extended one year, terminating July 24, 1905, at an annual rental of $50. He placed the tanks on posts, connecting them by pipes with gutters on the roof of a house in order to catch and hold the rain water. His lease contained a covenant that at the end of the term he would "yield up to the lessor or his successors in office all and singular the premises hereby demised with all erections, buildings and improvements of whatever name or nature now on, or which may be hereafter put, set up, erected or placed upon the same in as good order and condition in all respects, reasonable use, wear and tear excepted, as the same are at present or may hereafter be put by the lessee."

At the end of the plaintiff's extended term the defendants took possession of the premises under a lease from the government of January 10, 1905, for a term of twenty-one years from July 29, 1903, at an annual rental of $610, finding the house and the tanks upon the premises. In the following September the plaintiff made demand upon the defendants for the tanks, offering to remove them. The defendants refused to comply with the demand. The magistrate gave judgment for the defendants, holding that under the lessee's covenant above mentioned he could not remove the water tanks after the end of his lease. Upon this ruling the plaintiff appealed from the judgment.

The plaintiff claims that the way in which the tanks were connected with the house and the use which was made of them did not change their character as personal property or make them an improvement of the realty and that as they were removable without injury to the realty their usefulness to the occupants of the house was immaterial; that they were no more to be regarded as annexed to the realty than if they were hogsheads placed under the eaves to catch rain water running from the spout.

The defendants' claim is that the tanks were "necessary adjuncts to the house" which depends upon rain water for domestic uses and that being connected by spouts from the roof gutters nailed to them they became part of the house which, under the lessee's covenant, could not be taken away; and that if the plaintiff could have removed them during his term he could not do so several weeks after.

Whether or not, without breaking his covenant, the plaintiff could have taken the tanks away when he left at the end of his term, he cannot do this afterwards. The defendants were entitled by their lease to the use of the house and the tanks connected with it as appurtenances and the plaintiff has no more right to the tanks than to the house itself.

The judgment appealed from is affirmed.

*G. F. Maydwell* for plaintiff.

*H. T. Mills* for defendants.